FRANK MALECHA AND ANOTHER, d.b.a. BUSINESS
MACHINES & EQUIPMENT COMPANY, v.
THOMAS KEENEY.
SHIRLEY FAULKNER v. FRANK MALECHA AND OTHERS.

106 N. W. (2d) 911.

December 16, 1960—Nos. 37,764, 37,778.

*Mahoney & Mahoney,* for appellants Malecha.
*Quinlivan, Quinlivan & Quinlivan,* for appellant Faulkner.

LOEVINGER, JUSTICE.

This is another automobile intersection-collision case. The only witnesses to the accident were the young and inexperienced drivers.

As usual, each driver testified that he approached the intersection slowly, carefully, and with his foot poised over the brake, ready to stop the car. Each testified that he looked both ways before entering the intersection and observed no other vehicles approaching. Each driver saw the other automobile for the first time just before reaching the center of the intersection. At the center of the intersection, the two automobiles collided with great force.

The owner of each car sued the driver or owner of the other. The cases were consolidated for trial, tried, and submitted to the jury on proper instructions. The jury attempted to bring in inconsistent verdicts which the court refused to accept. The jury then brought in a verdict for defendant in the case brought by Frank Malecha and for plaintiff in the case brought by Shirley Faulkner. Thereafter the court denied a motion for judgment notwithstanding the verdict in the Malecha case; and ordered judgment notwithstanding the verdict in the Faulkner case. Both plaintiffs appealed.

There can be no question that the Malecha case was for the jury. The physical facts of the accident and the exhibits permitted an inference that the Malecha car was being driven at an excessive rate of speed. The court, therefore, was correct in denying the motion for judgment notwithstanding the verdict or a new trial in that case, and the judgment entered on the verdict must be affirmed.

The evidence would permit an inference that the driver of the Faulkner car failed to keep an adequate lookout and exercise proper control. Some members of the court believe that the evidence compels such a conclusion; but the majority believe that the jury could find absence of contributory negligence in the Faulkner case.

A motion for judgment notwithstanding the verdict accepts the view of the evidence most favorable to the verdict. Schneider v. The Texas Company, 244 Minn. 131, 69 N. W. (2d) 329. The motion should be denied if reasonable persons might differ as to the negligence of the parties upon such a view of the evidence. Satter v. Turner, 257 Minn. 145, 100 N. W. (2d) 660. Since there is room for reasonable difference of opinion as to the negligence of the driver of the Faulkner car, and since there is a basis in the evidence for finding the driver of the Malecha car negligent, the Faulkner case was for the jury and

its verdict should not be set aside. Accordingly, the judgment in the Faulkner case should be reversed.

Case No. 37,764 affirmed.

Case No. 37,778 reversed.

DELL, CHIEF JUSTICE (concurring specially).

On the showing of speed, obstructions to view, location of parked cars, distracting circumstances, skid marks, and other evidence contained in the record, I concur in the result.